McAdam, J.
These are equity suits by abutting owners for injunctive relief, fee and past damages on account of the operation of the defendants’ elevated railway.
When the causes were called for trial- in October, 1893, the de *788 fendants admitted that substantial damages had been sustained by the plaintiffs; whereupon the court directed interlocutory judgment that the defendants be enjoined, unless within six months they caused the easements appurtenant to the plaintiffs’ premises to be condemndd and acquired according to law. The court further directed that the question of past damages be reserved for determination after the easements should have been acquired, in such manner as th.e court should then direct.
Condemnation proceedings were instituted and prosecuted to awards, which the defendants paid.
In October, 1894, plaintiffs moved to restore the causes to the equity calendar for.trial as to past damages. The judge presiding at special term thereupon directed a reference, upon the ground that as the interlocutory judgment entered upon consent provided “that the past damages be determined in such manner as the court should direct,” it carried with it the right to. refer that question to a referee. We think this view erroneous. The words “in such manner as the court may direct” assume the exercise of its lawful powers, and cannot be interpreted irrespective of the limitations. imposed by law. Express authority must therefore be found for the reference or its direction cannot be sustained.
The admission that substantial damages had been sustained is equivalent to a finding to that effect after proof of title—nothing more. The Code contains no warrant for the appointment of a referee to complete the trial. Doyle v. Met. E. R. R. Co., 136 N Y. 505; 49 St. Rep. 746.
It follows that the orders appealed from must be reversed, with costs.
Sedgwick, C. J., and Freedman, J., concurred.